### STEPHEN BERNARD v. DOCTOR NELSON COMPANY and Another.[1]

November 28, 1913.

Nos. 18,324—(134).

**Privileged communication — physician and patient.**

1. R. L. 1905, § 4660, subd. 4, rendering communications between physician and patient privileged, merely prescribes a rule of evidence, and does not prevent action for money had and received to recover money paid by the patient to the physician in consideration of the latter's guaranty to cure him of a certain disease, where such consideration fails.

**Estoppel.**

2. The physician is in no position to urge the statute as a bar to the action, where he has been allowed to testify fully in regard to the transactions involved.

**Cost of medicine — question for jury.**

3. Evidence *held* to warrant the action of the trial court in submitting to

[1] Reported in 143 N. W. 1133.

the jury the question as to whether medicines purchased by plaintiff from defendant were worthless so as to entitle the former to recover back the amount paid therefor.

Action in the municipal court of Minneapolis against the Doctor Nelson Company and A. C. Moorhead to recover $168 for breach of defendants' agreements and warranties as physicians to cure plaintiff of a certain disease. The action was tried before Bardwell, J., who, when plaintiff rested, denied defendant Moorhead's motion that the case be dismissed as to him, and a jury which returned a verdict in favor of plaintiff for the amount demanded. From an order denying defendants' motion for judgment notwithstanding the verdict. or for a new trial, they appealed. Affirmed.

*McDonald, Bernhagen & Patterson,* for appellants.
*Norton & Norton,* for respondent.

PHILIP E. BROWN, J.

Appeal from an order denying defendant's alternative motion after verdict for plaintiff.

The action is one in the nature of assumpsit for money had and received. Plaintiff alleges and claims that in November, 1910, defendant, a physician, agreed to treat and guaranteed to cure him of a certain disease within six weeks, in consideration of $35 paid in advance therefor; that later, in July, 1911, a similar contract was made for treatment of the same disease, and $25 paid thereunder; and that in connection with such agreements defendant sold plaintiff medicines, between November, 1910, and March, 1912, warranting that such would cure the malady, for which plaintiff paid defendant $108. Total breach of these contracts is claimed, and also of the warranty of the medicines in that they were worthless. Proper demand for repayment was alleged and proved. Defendant admitted the employment, treatment, payments, and demand, but denied the alleged guaranties and warranty and all other claims. Plaintiff had a verdict for $168.

1. Where money is paid under a contract and the consideration fails, it may be recovered back (Clark, Contracts, 208) in an action

for money had and received (2 Dunnell, Minn. Dig. § 6129). Defendant however, contends that plaintiff's remedy, if any, was by action for malpractice, and that the present action will not lie because the law does not sanction contracts of the character alleged; his argument being that as all communications between physician and patient are privileged under R. L. 1905, § 4660, subd. 4, the former would not have equal opportunity to defend himself if the latter insisted upon the privilege. In response to this contention it is sufficient to say that the statute merely prescribes a rule of evidence. Besides, the physician was permitted to testify fully in regard to the transactions involved, without reference to the statute. We hold the action maintainable.

2. Defendant complains of the court's refusal to charge that no recovery could be had for moneys paid for the medicines, on the ground that there was no evidence to justify a finding they were worthless. The court charged that no recovery could be had on this claim unless the jury found they were in fact worthless. We find no error in this regard. Defendant testified, and the other expert testimony was to the same effect, that if plaintiff, as he claimed, contracted the disease in question not more than three days prior to the making of the first contract, it was curable in from three to six weeks. There was sufficient evidence to uphold plaintiff's version as to when he contracted the disease, and also a finding that the medicines were used as directed for upwards of a year without benefit. The latter is persuasive of worthlessness, and justified the court's action and the verdict rendered.

This disposes of all assignment of error argued.

Order affirmed.